J-S87006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY LEROY PACKER, | |
| Appellant | No. 519 MDA 2016 |

Appeal from the PCRA Order March 9, 2016
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000412-2008

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: FILED JANUARY 06, 2017

Appellant, Gregory Leroy Packer, appeals *pro se* from the denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On November 18, 2008, a jury convicted Appellant of involuntary deviate sexual intercourse with a child and indecent assault of a person less than thirteen years of age[1] for his perpetration of various sexual acts upon his seven-year-old daughter. On May 13, 2009, the trial court sentenced Appellant to an aggregate term of not less than fifteen years and three months nor more than forty-seven years' incarceration, plus a $10,000.00

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b) and 3126(a)(7), respectively.

fine. The court also found that Appellant is a sexually violent predator (SVP) subject to lifetime registration. The court denied his post-sentence motion. On October 27, 2010, this Court affirmed Appellant's conviction, but vacated the fine and remanded the case to the trial court for a hearing regarding his ability to pay.[2] (*See Commonwealth v. Packer*, No. 1114 MDA 2009, unpublished memorandum, at **22-23, 28-29 (Pa. Super. filed Oct. 27, 2010)). Appellant did not file a request for permission to appeal with the Pennsylvania Supreme Court.

On June 8, 2015, Appellant filed a *pro se* motion to correct illegal sentence *nunc pro tunc*, which the court treated as a first PCRA petition. The court appointed counsel, who filed a motion to withdraw and *Turner*/*Finley*[3] no merit letter on August 14, 2015. On December 10, 2015, the court provided notice of its intention to dismiss Appellant's petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant responded on January 4, 2016. The court denied the petition on March 9, 2016. Appellant timely appealed.[4]

---

[2] On December 22, 2010, after a hearing, the trial court determined Appellant could not pay a fine, and therefore did not impose one.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On June 27, 2016, although not ordered to do so, Appellant filed a concise statement of errors complained of on appeal; the court filed an opinion on July 18, 2016. *See* Pa.R.A.P. 1925.

Appellant raises nine questions for this Court's review:

1.    Did the court err in dismissing Appellant's PCRA [petition] on timeliness?

2.    Was Appellant denied effective assistance of counsel by Trisha Hoover when she failed to file requested appeal to the Pennsylvania Supreme Court?

3.    Is Appellant's sentence unconstitutional?

4.    Is Megan's Law unconstitutional?

5.    Did Rhonda McDonald violate Appellant's constitutional and amendment rights?

6.    Did Trooper Barnhart violate Appellant's constitutional and amendment rights?

7.    Did counsel Christian Kalaus, Asst. District Attorney Melissa Rosenkilde and Judge William S. Kieser violate Appellant's constitutional and amendment rights?

8.    Did counsel Trisha Hoover violate Appellant's constitutional and amendment rights?

9.    Was Appellant's constitutional and amendment rights violated during the entire criminal proceedings?

(Appellant's Brief, at 12) (some capitalization omitted).

Our standard of review of the court's denial of a PCRA petition is well-

settled:

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition.

*Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa. Super. 2016) (citations omitted)

Here, the PCRA court found that it lacked jurisdiction because Appellant's petition was untimely and he failed to plead and prove any exception to the PCRA time-bar. (*See* Order, 3/09/16, at 1). We agree.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on November 26, 2010, at the expiration of the time for him to seek review in our Supreme Court. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on

June 8, 2015, is untimely on its face and we will only review its merits if he pleads and proves one of the statutory exceptions to the time-bar.

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. [*See*] 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:
>
> > (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide[d] in this section and has been held by that court to apply retroactively.
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies.

*Whitehawk*, *supra* at 269-70 (case citation and quotation marks omitted). Further, "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) (citation omitted). Also, a PCRA petition invoking one of these

statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to prove the applicability of the newly discovered facts exception. (**See** Appellant's Brief, at 21, 26); **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, he claims that trial counsel's ineffectiveness, *i.e.* her failure to file a petition for allowance of appeal and subsequent withdrawal, constituted a newly discovered fact pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii). (**See** Appellant's Brief, at 21, 26). Additionally, although not expressly phrased as such, he appears to invoke the newly recognized constitutional right exception by relying on the decisions in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its progeny. (**See id.** at 28, 30-31); **see also** 42 Pa.C.S.A. § 9545(b)(1)(iii). However, Appellant's reliance on these exceptions is unavailing because he has failed to plead and prove their applicability.

First, we observe:

> With respect to subsection 9545(b)(ii), we have previously described this exception, which permits an untimely claim where the facts upon which the claim is predicated were unknown to the [appellant] and could not have been ascertained by the exercise of due diligence, as an exception for after-discovered evidence. Thus, a claim that counsel was ineffective will not save an untimely PCRA petition. Finally, the exceptions to the PCRA's one-year time limit require the petitioner to file his PCRA petition within sixty days of the date the claim could have first been brought. Thus, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame of subsection 9545(b)(1)(ii).

***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001) (citations and quotation marks omitted).

In this case, Appellant maintains that trial counsel advised him in a November 1, 2010 letter that this Court affirmed his conviction, and that he thereafter told her several times that he wished to seek permission to appeal in the Pennsylvania Supreme Court. (***See*** Appellant's Brief, at 19; ***see also*** PCRA Court Opinion, 7/18/16, at 5-6). However, as observed by the PCRA court:

> Although many of the letters tend to show that Appellant wanted his counsel to file an appeal to the Pennsylvania Supreme Court, they do not show that his petition is timely. Instead, they show a gap of about [three-and-one-half] years from roughly the end of 2011 until the filing of Appellant's petition on June 8, 2015. Appellant failed to allege any steps he took to determine the status of his appeal during this time period. Diligence demands that Appellant take reasonable steps to protect and further his interests. ***See Carr***, ***supra*** at 1168. Based on Appellant's own pleadings and the reasonable inferences that can be drawn therefrom, Appellant did not exercise diligence from the end of 2011 through the filing of his petition in 2015. Furthermore, the mere fact that Appellant alleged that counsel was ineffective for failing to file his requested appeal does not save his petition from the PCRA's timeliness requirements. ***See id.*** Therefore, Appellant's claims that counsel failed to file a requested appeal to the Pennsylvania Supreme Court are untimely.

(PCRA Ct. Op., at 5-6) (citation formatting provided). We agree with the sound reasoning of the PCRA court. Appellant has failed to establish the applicability of the newly discovered facts exception to the PCRA time-bar where he has not shown that he acted with due diligence. ***See Carr***, ***supra*** at 1168 ("absent assertions of due diligence, the mere discovery of trial

counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, does not place Appellant under subsection 9545(b)(1)(ii)").

Next, although not phrased as such, Appellant is attempting to claim the applicability of the newly recognized constitutional right exception. (**See** Appellant's Brief, at 31). Specifically, he alleges that the United States Supreme Court's reasoning in **Alleyne**[5] should be applied retroactively to his case.[6] (**See id.**). However, the Pennsylvania Supreme Court has expressly held that "**Alleyne** does not apply retroactively to cases pending on collateral review[.]" **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Therefore, Appellant's reliance on **Alleyne** and its progeny is fatal to his claim. Hence, this argument also fails.

Accordingly, because Appellant failed to plead and prove the applicability of a PCRA timeliness exception, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis

_____

[5] In **Alleyne**, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, **supra** at 2163.

[6] The Supreme Court decided **Alleyne** on June 17, 2013. Appellant filed the instant petition nearly two years later, on June 8, 2015, thus violating the sixty-day requirement of 42 Pa.C.S.A. § 9545(b)(2). **See** 42 Pa.C.S.A. § 9545(b)(2).

that it lacked jurisdiction.[7]  *See Whitehawk*, *supra* at 269; *Johnston*,

*supra* at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2017

---

[7] We also note that Appellant's assertion that legality of sentence challenges cannot be time-barred, as a matter of law, (*see* Appellant's Brief, at 29), is legally unpersuasive.  To the contrary, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the [C]ourt of jurisdiction over the claim. . . ."  *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted).